No. 04-97-00680-CR



Johnny E. CAIN,


Appellant



v.



The STATE of Texas,


Appellee



From County Court at Law No. 8, Bexar County, Texas


Trial Court No. 626931


Honorable Joe Terracina, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: August 26, 1998


AFFIRMED


 Johnny Cain appeals his conviction of driving while intoxicated (DWI). In a single point of
error, Cain argues he was denied due process because the trial court admitted certain testimonial
evidence that he claims the State failed to disclose before trial. Because Cain fails to demonstrate
the materiality of that evidence, we affirm the trial court's judgment.

Background

 On the evening of February 10, 1996, Cain and another motorist were involved in a major
automobile accident. Denise Jones, who testified at trial, recalled Cain driving immediately behind
her on Highway 87, weaving in the lane. Cain drove past her, at a speed she perceived to be over
the legal limit, just moments before the crash. Jones saw Cain's truck once more at the scene of the
accident near the intersection of Rigsby and McArdle.

 Officer Ovalle, who also testified, appeared at the scene of the accident about five to ten
minutes after impact. He approached Cain to ask for identification and to investigate the accident.
During this conversation, Ovalle noted that Cain smelled of alcohol, spoke with slurred speech, and
was unsteady on his feet. Ovalle attempted to administer field sobriety tests to Cain, but Cain
ultimately said he could not perform them because he was suffering from abdominal and chest pains.
Although the officers noted no apparent physical injury to Cain, they inquired whether he should go
to the hospital for treatment; Cain refused. Thereafter, Cain was arrested.

 At the police station, Cain underwent further testing. The officers conducting the tests
opined that Cain was intoxicated and that the level of alcohol in his system surpassed the legal limit.
These tests were videotaped and shown to the jury.

 Cain testified at trial. He recalled having a glass of beer with a sandwich approximately
fifteen minutes before the accident. A professional truck driver, Cain had no prior accidents or DWI
convictions. He maintained that he had never seen Jones and that he did not speed or weave as he
drove. He did not recall what happened at the moment of impact with the other vehicle because the
accident rendered him momentarily unconscious. Although he recalled talking with Ovalle, he did
not remember much about the field sobriety tests or being taken to the station. Cain reported injury
to his head, chest, and left knee.

 In rebuttal, the State called Officer Trevino to the stand. He had written the traffic report in
this case, and he testified about what Cain told him at the scene. He recalled Cain begging him not
to arrest him for fear he would lose his commercial license. Cain's lawyer objected to this line of
testimony on the ground that she had not been made aware of Officer Trevino's conversation prior
to trial, despite her discovery request. The State reminded the trial court there had been no
corresponding discovery order, and the court ultimately permitted this testimony. Cain was
convicted; the court sentenced him to 120 days confinement, probated for two years, and assessed
a $600 fine.

Argument

 A due process violation occurs where the prosecution (1) fails to disclose evidence, (2)
favorable to the accused, (3) which is material. McFarland v. State, 928 S.W.2d 482, 511 (Tex.
Crim. App. 1996), cert. denied, 117 S. Ct. 966 (1997); Thomas v. State, 841 S.W.2d 399, 403 (Tex.
Crim. App. 1992). Evidence favorable to the accused includes impeachment evidence. United
States v. Bagley, 473 U.S. 667, 676 (1985). To establish materiality, Cain must demonstrate a
reasonable probability that, had the evidence been disclosed to the defense, the outcome of the
proceeding would have been different. See Thomas, 841 S.W.2d at 404.

 Cain argues his due process rights under both the Texas and United States Constitutions were
violated when the trial court permitted the State to elicit testimony about his statements to Officer
Trevino. Cain claims this was unfair because the State failed to reveal to his counsel, prior to trial,
that Trevino spoke with him at the scene of the accident. This prejudiced him at trial, he argues,
because his decision to testify was based on his lawyer's knowledge of the testimony with which he
could be impeached, knowledge which did not include Trevino's statements.

 Cain fails to show how the outcome of his trial would have been different. A mere claim that
he might not have testified is not enough. See Amos v. State, 819 S.W.2d 156, 159 (Tex. Crim. App.
1991). Notably, the testimony of the officers at the accident scene, without more, would have been
enough evidence for a jury to find Cain guilty. See McFarland, 928 S.W.2d at 511 (finding
sufficient evidence from other testimony). We also note that although Cain's lawyer did not know
of Cain's conversation with Officer Trevino, she could have discovered it through her own
independent investigation--she presumably had access to a copy of Trevino's accident report. See
Jackson v. State, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976) (finding no failure to disclose where
evidence available to defendant).

Conclusion

 We overrule Cain's sole point of error and affirm the trial court's judgment.


 Paul W. Green, Justice


DO NOT PUBLISH



Return to
4th Court of Appeals Opinions